ORIGINAL

FILED

11/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0495

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0495

_____

TOWN OF KEVIN,

    Petitioner and Appellant,

    v.

MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

    Respondent and Appellee,

CITY OF SHELBY,

    Applicant and Appellee.

FILED

NOV 0 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Appellant Town of Kevin has filed a petition for rehearing in the captioned matter. Montana Department of Natural Resources and Conservation (DNRC) and City of Shelby have responded objecting to the petition.

This Court will consider a petition for rehearing presented only upon the following grounds:

    (i) That it overlooked some fact material to the decision;
    (ii) That it overlooked some question presented by counsel that would have proven decisive to the case; or
    (iii) That its decision conflicts with a statute or controlling decision not addressed by the supreme court.

M. R. App. P. 20(1)(a).

Kevin argues that we misapplied our standard of review and instead should have reversed on the merits because our review of the record showed no evidence supporting an agreement with Galata and under § 2-4-701(1), MCA, our review must be confined to the record. Kevin misunderstands our Opinion, which held that "[t]o the extent that DNRC

approved a change of use for communities that are not encompassed by a service agreement, the agency's interpretation of the permit and change statutes was error" and remanded to DNRC to determine whether a service agreement existed for Galata and to "issue an order consistent with this Opinion." *Town of Kevin v. DNRC*, 2024 MT 210, ¶¶ 33–34, 418 Mont. 131, ___ P.3d ___. Kevin ignores § 2-4-701(2), MCA, which specifically contemplates remand as an appropriate action by this Court: "The court may . . . remand the case for further proceedings."

Kevin next argues that we overlooked one of Kevin's arguments on appeal. However, Kevin only cites to one sentence in its reply brief for the proposition that it made that argument on appeal. New arguments may not be made in a reply brief or in a petition for rehearing. *State v. Makarchuk*, 2009 MT 82, ¶ 19, 349 Mont. 507, 204 P.3d 1213; *Junkermier v. Alborn*, No. DA 19-0521, Order (Mont. Aug. 18, 2020).

The Court having duly considered the petition and the responses,

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to and to all counsel of record.

DATED this 7th day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2